# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **Mitchell Binder and King Baby Studio, Inc.,** | ) | |
| | ) | **Case No.**_____ |
| **Plaintiffs** | ) | |
| | ) | **Jury Demand** |
| **vs.** | ) | |
| | ) | **Judge:**_____ |
| **Blacksmith & Co. Limited, Billy Huxley and** | ) | |
| **Does 1-10, Inclusive,** | ) | |
| | ) | |
| **Defendants** | | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs Mitchell Binder ("Mr. Binder") and his solely owned company King Baby Studio, Inc. ("King Baby Studio") (Mr. Binder and King Baby Studio are collectively referred to herein as the "Plaintiffs"), as and for their Complaint, hereby allege as follows:

### NATURE OF THE CASE

1.      Mr. Binder is a preeminent jeweler, artist and creator of among other things, distinctive, one of a kind artisan jewelry that captures the spirit of America with rock and roll sex appeal.

2.      The Defendant Blacksmith & Co. Limited ("Blacksmith") is a limited company operated out of the United Kingdom selling knock-off jewelry infringing upon the registered copyrights of Mr. Binder.

3.      The Defendant Billy Huxley ("Mr. Huxley") is held out as the creator of the knock-off jewelry infringing upon the registered copyrights of Mr. Binder.

4.      By this action, the Plaintiffs seek to stop Defendants' unauthorized use and misappropriation of Mr. Binder's works, and to obtain the seizure and destruction of all

1

infringing works and to obtain compensatory, statutory and other damages based upon Defendants' willful misconduct.

## PARTIES, JURISDICTION AND VENUE

5.      Mr. Binder is an individual residing in the State of California who designs artisan jewelry.  Among his original artworks are unique jewelry pendants.

6.      Mr. Binder is known professionally as King Baby.

7.      King Baby Studio, Inc. is a California corporation doing business in Tennessee.

8.      Mr. Binder is the sole owner of King Baby Studio.  Mr. Binder has licensed his copyrighted works to King Baby Studio.  King Baby Studio manufactures, markets and sells Mr. Binder's works.  King Baby Studio's manufacturing operations occur in Nashville, Tennessee and Los Angeles, California.

9.      Mr. Binder's jewelry is sold at stores owned and operated by Mr. Binder and King Baby Studio in Nashville, Tennessee and Los Angeles, California.  Additionally, Mr. Binder's work is sold through a King Baby Studio store in Las Vegas, Nevada at Caesar's Palace.  Mr. Binder's jewelry is also sold by high end retailers such as Saks Fifth Avenue and Nordstrom's.  Mr. Binder's jewelry is also sold in stores throughout China with a flagship store in Beijing.

10.     Upon information and belief, Blacksmith is a UK limited company with a principal place of business at 54 North End, Longhoughton, Alnwick, UK  NE663JP.

11.     Defendant Mr. Huxley is a citizen of the United Kingdom with an unknown address.

12.     Defendant Blacksmith conducts business in the State of Tennessee.

13.     Defendant Mr. Huxley conducts business in the State of Tennessee by and through Blacksmith.

2

14.     The Doe Defendants include persons and entities assisting or acting in concert with Blacksmith and Mr. Huxley in connection with the acts complained herein. All further references in this Complaint to "Defendant" or "Defendants" expressly include each fictitiously named Defendant.

15.     Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned and material hereto, some or all of said Defendants were the officers, directors, principals, agents, servants, employees and/or authorized representatives of some or each and every other Defendant, and each of them; and that, in doing the actions herein alleged, said Defendants were acting within the course and scope of such agency and/or authority.

16.     This case arises under the Copyright Act, 17 U.S.C. §101, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as well as diversity jurisdiction under 28 U.S.C. §1332 as there exists diversity of citizenship among the parties hereto and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00.

17.     This case also arises under the United Kingdom's Copyright, Designs and Patent Act 1988 and the Berne Convention for the Protection of Literary and Artistic Works to which both the United States and the United Kingdom are parties.

18.     This Court has subject matter jurisdiction over the related state law claims under 28 U.S.C. §1367.

19.     On information and belief, Defendants are subject to both specific and general personal jurisdiction. Defendants market, sell, and support the accused infringing products throughout the United States including the State of Tennessee by means of Blacksmith's website and Mr. Huxley's Twitter account. Further, on information and belief, the Defendants regularly solicit and conduct business in and/or derive substantial revenue from goods and services

Case 3:16-cv-02493   Document 1   Filed 09/16/16   Page 3 of 14 PageID #: 3

provided to residents of the State of Tennessee including the actual sale, on Tuesday, August 9, 2016, of an infringing copy of the Revolver Pendant discussed below to a Nashville, Tennessee resident. Accordingly, both jurisdiction and venue are proper in this court pursuant to 28 U.S.C. §§1391 and 1400.

20.     Defendant Blacksmith may be found in Tennessee pursuant to 28 U.S.C. §1400 based upon sales to Tennessee residents and the Tennessee Long Arm Statute with respect to foreign corporations. Tenn. Code Ann. §20-2-201.

21.     Defendant Mr. Huxley may be found in Tennessee pursuant to 28 U.S.C. §1400 based upon sales to Tennessee residents and personal jurisdiction based on the conduct of Mr. Huxley. Tenn. Code Ann. §20-2-223.

## FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS

22.     For more than 20 years Mr. Binder has been creating pendants and other fine jewelry including rings, earrings, necklaces and bracelets. Mr. Binder has developed an original style for his jewelry with notable elements such as the cross, skull and pieces influenced by rock and roll and motorcycle culture.

23.     Mr. Binder's jewelry has been featured in national trade and fashion magazines and has been marketed for sale on the Home Shopping Network.

24.     Mr. Binder is the sole owner of King Baby Studio. In addition to the retail stores owned by King Baby Studio and as duly licensed to others, King Baby Studio maintains a presence on the internet with an e-commerce website www.kingbabystudio.com.

25.     Mr. Binder's jewelry constitutes works of art that are original and unique and entitled to protection as such under United States and applicable international copyright laws.

4

26.     To Mr. Binder's knowledge and belief, no other jewelry designer creates artistic and fine jewelry work with any similar appearance or style.  As a result of Mr. Binder's long-standing and exclusive use of his designs for King Baby Studio since 2000, the trade dress of his jewelry has become distinctive of Mr. Binder's goods and works in commerce.

27.     There are three unique jewelry designs created and copyrighted by Mr. Binder that are manufactured and sold by Defendants as illegal and unauthorized knock-offs.  The three jewelry pieces that were created by Mr. Binder as author and owner are registered with the United States Copyright Office as follows:

(a)     Small Revolver Pendant registered with the United States Copyright Office on April 8, 2015 with Certificate of Registration No. VA 1-955-598.  The registered work includes the design and appearance of the Small Revolver Pendant.

(b)     Black Agate Rosary with MB Cross and Classic Dagger registered with the United States Copyright Office on April 8, 2015 with Certificate of Registration No. VA 1-956-106. The registered work includes the design and appearance of the Black Agate Rosary with MB Cross and Classic Dagger.

(c)     Silver Wing on 3mm Onyx Bead Necklace registered with the United States Copyright Office on April 8, 2015 with Certificate of Registration No. VA 1-955-943. The registered work includes the design and appearance of the Silver Wing on 3mm Onyx Bead Necklace.

Copies of the Certificates of Registration for each of the above-referenced works are attached hereto as Exhibits A-1, A-2 and A-3, respectively, and are incorporated by this reference.  For purposes of this Complaint, the Small Revolver Pendant, the Black Agate Rosary

5

with MB Cross and Classic Dagger and the Silver Wing on 3mm Onyx Bead Necklace are collectively referred to herein as "King Baby's Protected Works."

28.     Blacksmith's knock-off versions of the jewelry are virtual duplicates of King Baby's Protected Works.  Blacksmith's versions are sold via the internet website located at www.blacksmithandco.com.

(a)     Blacksmith's knock-off version of King Baby Studio's Small Revolver Pendant is available for sale on Blacksmith's website and a copy of such is attached hereto as Exhibit B-1.

(b)     Blacksmith's knock-off version of King Baby Studio's Black Agate Rosary with MB Cross and Classic Dagger is available for sale on Blacksmith's website and a copy of such is attached hereto as Exhibit B-2.

(c)     Blacksmith's knock-off version of King Baby Studio's Silver Wing on 3mm Onyx Bead Necklace is available for sale on Blacksmith's website and a copy of such is attached hereto as Exhibit B-3.

(the foregoing items noted in Exhibits B-1, B-2 and B-3, collectively "Blacksmith's Knock-offs").

29.     Blacksmith's Knock-offs are also prominently advertised by Mr. Huxley by and through his social media platform including his Twitter account located at https://twitter.com/hashtag/billyhuxley.

30.     By and through Defendants' actions, Defendants have infringed upon King Baby's Protected Works.

31.     Defendants copied King Baby's Protected Works in a manner that clearly infringes upon Plaintiffs' copyright and unless Defendants are enjoined, they will continue to do

6

so.  At no time did Plaintiffs authorize Defendants to reproduce, adapt, sell, advertise, promote, manufacture or distribute King Baby's Protected Works.

32.    Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of their acts of copyright infringement.

33.    Each customer that is wrongfully diverted to Defendants' products constitute the loss of related revenues Plaintiffs could have reasonably expected to earn.

34.    As a direct result of Defendants' actions and infringement of Plaintiffs' rights, Plaintiffs' have sustained, and will continue to sustain, substantial injury, loss and damages in an amount exceeding $100,000.00 and as proven at trial.

35.    Plaintiffs are entitled to a permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all persons acting in concert with them from engaging in further acts of copyright infringement.

## COUNT I
## COPYRIGHT INFRINGEMENT

36.    Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 35 of its Complaint as though fully set forth herein.

37.    By the actions alleged in this Complaint, Defendants have infringed and, unless enjoined by this Court, will continue to infringe Mr. Binder's copyrights in and relating to King Baby's Protected Works. Defendants by themselves and/or by authorizing others have engaged in reproducing King Baby's Protected Works, creating derivative works based on them, displaying King Baby's Protected Works publicly and distributing King Baby's Protected Works to the public on an unlimited and unrestricted basis without permission. Plaintiffs are entitled to receive all appropriate injunctive relief, including but not limited to the relief available under 17 U.S.C. §§502-503.

7

38.     Defendants have not acted reasonably or in good faith.

39.     Defendants' acts of infringement have been willful, intentional and purposeful and in disregard of and indifference to Plaintiffs' rights in King Baby's Protected Works.

40.     As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to damages and Defendants' profits pursuant to 17 U.S.C. §504(b) for each infringement.

41.     Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. §504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. §504(c).

42.     Plaintiffs are also entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. §505.

43.     Plaintiffs are entitled to have Blacksmith's Knock-offs impounded and destroyed pursuant to 17 U.S.C. §503.

## COUNT II
## COPYRIGHT INFRINGEMENT UNDER APPLICABLE UK LAW

44.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 43 of its Complaint as though fully set forth herein.

45.     Upon information and belief, Blacksmith's principal place of business is in the United Kingdom.

46.     Upon information and belief, Mr. Huxley is a citizen of the UK and resides in the UK.

47.     Upon information and belief, all Doe Defendants reside in or maintain a principal place of business in the United Kingdom.

8

48.     Both the United States and the United Kingdom are part of the union of countries that have joined in the Berne Convention for the Protection of Literary and Artistic Works of September 9, 1886, as amended (the "Berne Convention"). A complete copy of the Berne Convention may be found at _www.law.cornell.edu/treaties/berne/overview.html.

49.     The Berne Convention provides copyright protection to authors of literary and artistic works.

50.     The copyright protection under the Berne Convention applies in all countries of the union.

51.     King Baby's Protected Works are entitled to copyright protection under the Berne Convention.

52.     The Berne Convention provides that the authors of works are entitled to copyright protection under the laws of the country of origin together with the laws of the country where protection is claimed. Thus, under the Berne Convention, Plaintiffs are entitled to copyright protection in the United States under United States copyright law and Plaintiffs are entitled to protection in the United Kingdom under United Kingdom copyright law.

53.     The Berne Convention provides that the extent of protection as well as the means of redress afforded to the author to protect his works shall be governed exclusively by the laws of the country where protection is claimed. As to copyright infringement occurring in the United Kingdom, Plaintiffs are entitled to protection under United Kingdom copyright law.

54.     The Berne Convention provides that an author of an artistic work has the exclusive right of authorizing reproduction of his work in any manner or form.

9

55.    The Berne Convention provides that infringing copies of a work shall be liable to seizure in any country of the union where the work enjoys legal protection.  The seizure shall take place in accordance with the legislation of each country.

56.    The United Kingdom's copyright protection for artistic works is set forth in the Copyright, Designs and Patents Act 1988 (the "UK Copyright Act").  A complete copy of the UK Copyright Act may be found at http://www.legislation.gov.uk/ukpga/1988/48/contents.

57.    The UK Copyright Act is similar to the United States Copyright Act.  The UK Copyright Act provides that a copyright is a property right that exists in original literary, dramatic, musical or artistic works.

58.    King Baby's Protected Works fall within the artistic works entitled to copyright protection under the UK Copyright Act.

59.    Under the UK Copyright Act the owner of a copyright has the exclusive right to copy the work and issue copies of the work to the public.

60.    At no time have the Plaintiffs authorized the Defendants to copy King Baby's Protected Works.

61.    The UK Copyright Act provides that copyrighted work is infringed when a person who without license from the copyright owner does or authorizes another to do any of the acts restricted by the copyright.  Copying the work and issuing copies of the work to the public are acts that are restricted by the copyright.

62.    The UK Copyright Act goes on to state that copying in relation to an artistic work means reproducing the work in any material form.

63.     The UK Copyright Act provides that infringement of copyright is actionable by the copyright owner and infringement of copyright will entitle the owner to relief by way of damages, an injunction and an accounting.

64.     The UK Copyright Act also allows for a court to order infringing copies to be delivered to a designated person.  Furthermore, the UK Copyright Act provides that infringing copies of a work may be seized and detained.

65.     Defendants have violated the UK Copyright Act by and through their actions with respect to the manufacture, advertisement, promotion, sale and distribution of Blacksmith's Knock-offs in the UK.

66.     Plaintiffs are entitled under the Berne Convention and the UK Copyright Act to an award of damages for Defendants' infringing activities.

67.     Plaintiffs are also entitled under the Berne Convention and the UK Copyright Act to have existing infringing copies of Plaintiffs' works seized and detained.

68.     Plaintiffs are entitled under the Berne Convention and the UK Copyright Act to an injunction against Defendants with respect to the manufacture, advertisement, promotion, sale and distribution of Blacksmith's Knock-offs.

## COUNT III
## VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

69.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 68 of its Complaint as though fully set forth herein.

70.     Given that Blacksmith's Knock-offs are virtually identical to King Baby's Protected Works, the Defendants have violated Tenn. Code Ann. §47-18-104(b)(2) and (3).

11

71.     The actions of the Defendants constitute a violation of Tenn. Code Ann. §47-18-104(b)(2) in that the copyright infringement by the Defendants has resulted in the likelihood of confusion or misunderstanding as to the source and approval of the goods sold by Defendants.

72.     The actions of the Defendants constitute a violation of Tenn. Code Ann. §47-18-104(b)(3) in that the copyright infringement by the Defendants has resulted in the likelihood of confusion or misunderstanding as to affiliation, connection or association between the Defendants and Plaintiffs.

73.     Defendants' activities with respect to copyright infringement of King Baby's Protected Works constitute unfair and deceptive acts and practices under the Tennessee Consumer Protection Act.

74.     Defendants' violation of the aforementioned sections of the Tennessee Consumer Protection Act constitute a willful and knowing violation of the Tennessee Consumer Protection Act.

75.     Plaintiffs are entitled to recover actual damages from the Defendants for the Defendants' unfair and deceptive acts and practices.

76.     Plaintiffs are entitled to recover three times actual damages sustained given the willful and knowing violation of the Tennessee Consumer Protection Act by the Defendants.

77.     Plaintiffs are entitled to recover attorneys' fees under the Tennessee Consumer Protection Act given the willful and knowing violation of the Tennessee Consumer Protection Act by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment:

12

A.     For entry of judgment against Defendants for all damages to which Plaintiffs may be entitled under US copyright law, including Defendants' profits and for damages in an amount as may be proven at trial. Alternatively, at Plaintiffs' election, for the maximum statutory damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

B.     For entry of judgment against Defendants for all damages to which Plaintiffs may be entitled under UK copyright law as applicable through the Berne Convention.

C.     For a permanent injunction under US copyright law and under UK copyright law as applicable through the Berne Convention, enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner any of Plaintiffs' exclusive rights under copyright in King Baby's Protected Works, and (b) causing, contributing to, enabling, facilitating, or participating in the infringement of any of King Baby's Protected Works.

D.     For an order under US copyright law and UK copyright law as applicable through the Berne Convention, authorizing the seizure, detention and destruction of all existing items that infringe upon King Baby's Protected Works.

E.     For prejudgment and post-judgment interest according to law.

F.     For Plaintiffs' attorneys' fees, and full costs and disbursements in this action.

G.     For an accounting of all revenues received by Defendants as a result of their unlawful conduct.

13

H.     For damages, treble damages and attorneys' fees under the Tennessee Consumer Protection Act.

I.     For an order directing all applicable internet service providers and Twitter to remove any infringing images of King Baby's Protected Works.

J.     For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiffs demand trial by jury.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By:   /s/   David G. Thompson

William T. Ramsey (BPR #9245)
David G. Thompson (BPR #20309)
Marie Tedesco Scott (BPR #032771)
150 Fourth Avenue North, Suite 2000
Nashville, TN 37219-2498
(615) 244-1713 (telephone)
(615) 726-0573 (fax)
wramsey@nealharwell.com
dthompson@nealharwell.com
mscott@nealharwell.com

14